MICHIGAN DEPARTMENT OF CORRECTIONS 4835-4247 10/94
**PRISONER/PAROLEE GRIEVANCE FORM** CSJ-247A

Date Received at Step I 3-31-08 Grievance Identifier: LMF 08 03 1 4624 1 7 Z 1

**Be brief and concise in describing your grievance issue. If you have any questions concerning the grievance procedure, refer to PD 03.02.130 and OP 03.02.130 available in the prison Law Library.**

| Name (print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
| --- | --- | --- | --- | --- | --- |
| Johnathan Robinson | 301903 | LMF | B-217 | continuing 3/24/08 | 3/25/08 |

What attempt did you make to resolve this issue prior to writing this grievance? On what date? If none, explain why. ON 2/26/08 I RECEIVED A NOTICE OF INTENT TO CONDUCT AN ADMINISTRATIVE HEARING FOR AN INCIDENT WHICH TOOK PLACE ON 10/26/05 AT MARQUETTE BRANCH PRISON. THE INCIDENT REQUIRED EMERGENCY MEDICAL CARE AT THE LOCAL HOSPITAL. HOWEVER, THE NOI IS 2 1/2 YEARS LATE AND CLEARLY VIOLATES THIS PRISONERS DUE PROCESS RIGHTS TO A TIMELY HEARING. AND ARUS D. GERTH KNEW THIS BEFORE SHE UPHELD THE NOI. WHICH DID NOT INCLUDE MY WRITTEN STATEMENT.

State problem clearly. Use separate grievance form for each issue. Additional pages, using plain paper, may be used. Four copies of each page and supporting documents must be submitted with this form. The grievance must be submitted to the Grievance Coordinator in accordance with the time limits of OP 03.02.130.

ARUS GERTH, KNEW THAT STAFF AT MBP FAILED TO SUBMIT THE NOI WITHIN REASONABLE TIME LIMITS, YET SHE UPHELD THE NOI KNOWING BY DOING THIS SHE WAS VIOLATING MY DUE PROCESS RIGHTS TO A TIMELY HEARING. DURING OUR INITIAL CONVERSATION OF THIS MATTER ARUS GERTH TOLD ME THAT SHE HAD TO CONTACT MBP FOR CLARIFICATION ON WHY IT TOOK 2 1/2 YEARS TO PREPARE THIS NOI. THEN DURING THE INITIAL HEARING, ARUS GERTH TOLD ME THAT SHE WAS GOING TO CONTACT THE LITIGATION COORDINATOR BEFORE RENDERING A DECISION. AT THIS TIME I GAVE ARUS GERTH A COPY OF MY WRITTEN STATEMENT IN OPPOSITION OF THE NOI. PLEASE NOTE THAT, THIS INCIDENT TOOK PLACE ON 10/26/05 AT MBP, THE NOI WAS NOT PREPARED UNTIL [redacted] 2/6/08, AND NOT REVIEWED WITH ME UNTIL 2/26/08, AND I DID NOT RECEIVE DISPOSITION UNTIL 3/25/08. AND IN THE DISPOSITION ARUS GERTH FAILED TO ACKNOWLEGE [redacted] THE REASON IT TOOK MBP SO LONG TO PREPARE THIS NOI, THE CONCLUSION SHE GOT [redacted] FROM THE LITIGATION COORDINATOR, WHY NONE [redacted] OF THIS INFORMATION WAS SHARED WITH ME BEFORE DISPOSITION, AND WHY MY STATEMENT IS NOT ATTACHED TO THE DISPOSITION. IN 2003 I RECEIVED AN NOI FOR THE EXACT SAME THING, WHICH WAS DISMISSED AS THE TIME FRAME BETWEEN THE VIOLATION AND REQUEST FOR HEARING VIOLATED MY DUE PROCESS RIGHTS TO A TIMELY HEARING. PLEASE VIEW MY INSTITUTIONAL FILE. BECAUSE YOU AND I BOTH KNOW THAT IT DOES NOT TAKE A HOSPITAL 2 1/2 YEARS TO SEND YOU A BILL FOR A VISIT. ALSO NOTE THAT THERE WAS NO HEARING HELD ON 3/24/08 AS INDICATED IN THE DISPOSITION (FABRICATION).

Johnathan Robinson
Grievant's Signature

RESPONSE (Grievant Interviewed? ☑ Yes ☐ No If No, give explanation. If resolved, explain resolution.)

On 2/6/08 MBP authored a medical co pay for prisoner for an incident that occurred on 10/26/05 where prisoner intentionally injured himself and required emergency medical care at the hospital. The amount of the care came to $5,165.87. On 3/24/08 Arus Gerth upheld the NOI on an Administrative Hearing she held. Prisoner is grieving the fact that the NOI wasn't authored immediately after the incident that MBP took until 2/6/08 to do it. Administrative Rule 791.3310 Fact Finding Hearing; notice; notice; rights of prisoner; report; waiver does not require that an NOI be authored immediately and does not give any time constraints to when to do it. This NOI and Hearing was held in accordance with Administrative Rule 791.3310.

| Respondent's Signature | Date | Reviewer's Signature | Date |
| --- | --- | --- | --- |
| [signature] | 4/4/08 | [signature] | 4/7/08 |
| **Respondent's Name (Print)** | **Working Title** | **Reviewer's Name (Print)** | **Working Title** |
| P. Cerberry | Arus | [signature] | [signature] |

| Date Returned to Grievant: | If resolved at Step I, Grievant sign here. Resolution must be described above. | Grievant's Signature | Date |
| --- | --- | --- | --- |
| 4-8-08 | | | |

DISTRIBUTION: White, Green, Canary, Pink — Process to Step One; Goldenrod — Grievant

MICHIGAN DEPARTMENT OF CORRECTIONS 4835-4248 12/97
CSJ-247 B

**PRISONER/PAROLEE GRIEVANCE APPEAL FORM**

Date Received by Grievance Coordinator at Step II: 4-15-08

Grievance Identifier: LMF 08 03 1624 17i

**INSTRUCTIONS:** THIS FORM IS ONLY TO BE USED TO APPEAL A STEP I GRIEVANCE. The white copy of the Prisoner/Parolee Grievance Form CSJ-247A (or the goldenrod copy if you have not been provided with a Step I response in a timely manner) **MUST** be attached to the white copy of this form if you appeal it at both Step II and Step III.

RECEIVED - MDOC
APR 25 2008
Grievance & Appeals

If you should decide to appeal the Step I grievance response to Step II, your appeal should be directed to: GC by 4-23-08. If it is not submitted by this date, it will be considered terminated.

If you should decide to appeal the response you receive at Step II, you should send your Step III Appeal to the Director's Office, P.O. Box 30003, Lansing, Michigan, 48909.

| Name (first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| Johnathan Robinson | 301903 | LMF | B-217 | CONTINUING 3/24/08 | 4/13/08 |

**STEP II**--Reason for Appeal ISSUE ONE: Policy directive 03.04.101 Prisoner Healthcare copayment/Reimbursement by Prisoner For self-Inflicted Injuries. This issue is not in dispute however, the timeliness to conduct the hearing is. Policy directive 04.02.105 (R.) Prisoner Funds, states that Prior to the hearing, a Notice of intent to conduct an Administrative Hearing CSJ-282 shall be completed and (Promptly) sent to the Prisoner. In this case however, it took MBP 2½ years to Prepare the Notice of intent. And no reasonable cause for delay was provided, either on the Notice of intent, the Administrative Hearing Report, or Subsequent Step one grievance. Date of incident 10/26/05, date notice of intent was prepared 2/6/08, and date of hearing was 3/24/08. See attached statement supporting reason for Appeal.

**STEP II**--Response

Date Received by Step II Respondent: 4/15/08

See Attached Response

Dave Bergh, Warden

Respondent's Name (Print) | Respondent's Signature | Date 4/18/08

Date Returned to Grievant: 4/18/08

**STEP III**--Reason for Appeal ARUS, D. Gerth, ARUS, P. Carberry, RUM, Denver McBurney, and Warden, D. Bergh, have failed to properly and accurately address this issue. The due process violation is obvious, yet niether of these staff members address this issue. No reasonable cause for delay was ever provided, as to why it took MBP 2½ years to prepare the NOI, I was not provided copies of all documents relevant to the issue, meaning the Responsibility determination (CHJ-451) was witheld, and I was not given a copy of this alleged Bill claiming I owe anyone anything. Please read all attached documents, I covered every issue.

**NOTE: Only a copy of this appeal and the response will be returned to you.**

**STEP III**--Director's Response is attached as a separate sheet. Please Return all documents After Response!

If you find the Step III Director's response unsatisfactory, you have the option of referring the grievance to the Office of Legislative Corrections Ombudsman, 4th Floor, Capitol Hall, 115 W. Allegan, Lansing, Michigan, 48913.

Step II Pg 1. Administrative Rule 791.5501 # (3.) states,

Time limits apply unless there is (Reasonable Cause for delay) as determined by the hearing officer and set forth in the written decision prepared pursuant to (R.) 791.3315.

Operating Procedure 03.04.101

Prisoner Healthcare Copayment / Reimbursement by Prisoner for Self-Inflicted Injuries # 19-22.

19.) The Qualified Mental Health Professional examines prisoner within 24 hours and completes Responsibility Determination (CHJ-451) and Mental Health Services Referral (CHX-212). This happens within 24 hours of the incident for which Reimbursement is being sought.

20.) The Qualified Mental Health Professional forwards Responsibility determination (CHJ-451) to Health Record Staff.

21.) Health Record Staff files original Responsibility determination (CHJ-451) in Health Record and, if the determination was that the prisoner was responsible for his/her behavior, at the time of the self-injurious behavior, forwards canary copy to facility business office.

22.) Business office receives Responsibility determination (CHJ-451) indicating prisoner was found to be responsible for his/her behavior at the time of the self-injurious behavior. Notifies the Central Office Contract Compliance Inspector that actual charges must be identified for emergency care.

But, as noted everything begins to happen within 24 hours of the incident, not 2½ years later as with this incident. It also doesn't take 2½ years to identify charges. And please note that, I was not provided a copy of the Responsibility determination CHJ-451, which was supposed to be completed within 24 hours of the incident, if Reimbursement was being sought. And according to the notice of intent the Responsibility determination CHJ-451 was attached. I however, never saw it, nor received a copy of it. I also never received, or saw a documented hospital bill, in my name, from Marquette General Hospital claiming I owe them anything, or verifying

Step II Pg 2.

Administrative Rule 791.3310 #(2.b) states,

A Prisoner has the right to receive a copy of any department document Specifically Relevant to the issue before the hearing officer, unless disclosure of the document would be a threat to the order and security of the institution or the safety of an individual.

ISSUE TWO:

Violation of Prisoner's Due Process Rights to a Timely hearing.

For the purpose of "due process," a Prisoner is entitled, as a matter of procedural due process protection, to notice of any charges against him and an opportunity to present his views to an independent decision maker in a timely manner. Especially when any part of the government wants to take away a person's life, liberty or property.... No Person shall be deprived of life, liberty, or property, without "due process" of law.

In this case, both ARUS Gerth, and ARUS Carberry were completely aware of this obvious due process violation. In a decision to uphold this untimely Notice of intent ARUS, Gerth, Not only violated my due process Rights to a timely hearing, but provided no written Explanation for why it took MBP 2½ years to prepare the notice of intent. SEE: Administrative Rule 791.5501 #(3.)(Reasonable Cause for delay.) She also did not provide copies of all documents relevant to this issue. The Responsibility Determination (CHJ-451) was attached to the notice of intent. This form was supposed to be completed within 24 hours of the incident by a Qualified Mental Health Professional. And if it wasn't, was Appropriate grounds for dismissal of the notice of intent. ARUS Gerth, also disregarded two previous notice of intents that were dismissed due to due process violations. Theres one in my institutional file from 2003 dealing with this very same issue. The other one is in my possession. And ARUS Gerth, had Knowledge of, and Access to both.......

ARUS Carberry, who Responded to the Step one grievance Regarding this matter decided, she was not going to interview me Regarding this matter and a subsequent grievance was Filed. In deciding not to interview me, ARUS Carberry denied me the right to present my views, as well as any evidence or documents supporting my claim

Step II Pg 3.

IN MAKING HER DECISION TO UPHOLD THE NOTICE OF INTENT SHE RELIED ON ADMINISTRATIVE RULE 791.3310 (FACT FINDING HEARINGS). HOWEVER, SHE DISREGARDED MY DUE PROCESS RIGHTS TO A TIMELY HEARING, AND ALSO PROVIDED NO EXPLANATION FOR WHY IT TOOK 2½ YEARS FOR MBP TO PREPARE THE NOTICE. THE APPROPRIATE PROCEDURE WOULD HAVE BEEN TO VIEW THE OPERATING PROCEDURE REGARDING HEALTHCARE COPAYMENT, DETERMINE WHAT CAUSED THE 2½ YEAR DELAY IN PREPARING THE NOTICE, AS WELL AS VIEWING ANY POLICY DIRECTIVES OR EVIDENCE THE PRISONER MAY HAVE HAD, INCLUDING DOCUMENTS. HOWEVER, BECAUSE I WAS NOT INTERVIEWED OR A PROPER INVESTIGATION WAS COMPLETED, I WAS DENIED DUE PROCESS PROTECTION BY ARUS CARBERRY. IN RESPONDING TO THE STEP ONE GRIEVANCE ARUS CARBERRY, MERELY ATTEMPTS TO SHEILD THE INAPPROPRIATE DECISION MADE BY A FELLOW COWORKER. (ARUS GERTH) AND ANY POLICIES OR PROCEDURES AMENDED AFTER 2005 SHOULD NOT APPLY.

## CONCLUSION

I'M ASKING YOU TO DISMISS THIS NOTICE AS THE TIME FRAME BETWEEN THE VIOLATION AND REQUEST FOR HEARING APPEARS TO VIOLATE THE PRISONER'S DUE PROCESS RIGHTS TO A TIMELY HEARING. AND NO REASONABLE CAUSE FOR DELAY WAS PROVIDED PURSUANT TO (R.) 791.3315 # (2.b),(5.A),(6.) AND 791.5501 #(2.),(3.),(6.)

SEE:

1. OP 03.04.101 PRISONER HEALTHCARE COPAYMENT / REIMBURSEMENT BY PRISONER FOR SELF-INFLICTED INJURIES # 15-28
2. PD 04.02.105 PRISONER FUNDS—PARAGRAPH (R.)
3. ADMINISTRATIVE RULES - 791.3310 # (2.b), 791.3315 # (2.b),(5.A),(6.) AND 791.5501 # (2.),(3.),(6.)
4. HEARING HANDBOOK PG 30. - REASONABLE CAUSE FOR DELAY.

| Prisoner Name | Prisoner Number | Grievance Number |
| --- | --- | --- |
| Robinson | 301903 | LMF0803-1624-17i |

Step II Response

A review of your Step II grievance appeal has been completed. I have also reviewed your Step I grievance and the response provided by ARUS Carberry which was reviewed by RUM McBurney. Policy does not specify a time limit between the time of incident and the completion of an NOI. You have been appropriately held accountable for the costs associated with your self-injurious behavior. Response provided to you at Step I is supported at this level. Appeal denied.

Respondents Signature: [signature] 4/18/08

D.Bergh, Warden Date

B-217

THIRD STEP GRIEVANCE RESPONSE

Johnathan Robinson,#301903
LMF-08-03-1624-17i

The Grievant presents an issue which alleges his due process rights were violated because he did not receive a timely NOI for an incident which took place on 10-26-05 at MBP. This grievance was processed at the local level according to the provisions of Policy Directive 03.02.130 (Prisoner/Parolee Grievances) and Operating Procedure 03.02.130 (Prisoner/Parolee Grievances).

This investigator has reviewed the documents presented with the appeal to Step Three. **The Grievant did not explain what attempt he made to resolve his concerns with involved staff prior to writing this grievance, violating the provisions of PD-03.02.130.** All relevant information was considered. Based on this review, this writer finds the responses provided at Step One and Step Two adequately address the merits of the main issue grieved. The evidence presented does not support the charges made by the Grievant. He did not show a violation of policy. This office does not return attachments that have been submitted with the Step Three appeal. The Step Three appeal is denied.

Approval Signature: [signature] Date: 6/3/08

#6/5-23-08/17i

cc: Warden
Grievant

MICHIGAN DEPARTMENT OF CORRECTIONS

CSJ-282 12/97
4835-3282

# NOTICE OF INTENT TO CONDUCT AN ADMINISTRATIVE HEARING

| INSTITUTION | PRISONER'S NAME | NUMBER | DATE |
|---|---|---|---|
| MBP | Robinson, Johnathon | 301903 | 2/6/08 |

| REPORTING STAFF MEMBER'S SIGNATURE | BLOCK/UNIT NUMBER | CELL/ ROOM NUMBER |
|---|---|---|
| M. Bahrman, MBP B-217 | Alger Maximum Correctional | |

NATURE OF HEARING

**REASON FOR HEARING** Self inflicted injuries

Prisoner Robinson 301903 intentionally injured himself on 10/26/2005, requiring emergency care at the hospital. Per 03.04.101 Prisoner healthcare co pay, "A prisoner who intentionally injuries himself and receives emergency medical care for that injury shall be charged the full cost of the emergency and subsequent medical care provided as a result of the injury."

Attached is a copy of CHJ-451 Responsibility Determination for Reimbursement: Medical Cost of Self-Injurious Behavior completed by a Qualified Mental Health Professional showing the prisoner to have been responsible for his behavior at the time of the self-injurious behavior.

**PROPOSED DISPOSITION**

Charge prisoner Robinson 301903, a total of $5,165.87 for the cost of medical care for self inflicted injuries. If he does not have the funds in his account to pay for the charges, a debt will be placed on his account for future collection per 04.02.105 prisoner fund.

Reviewed 2/26/08 at 0855 hours, Robinson #301903 [illegible] hearing -
-Sgt. [illegible] 2/26/08

**I waive the 24 hour notification of hearing requirements.**

PRISONER'S SIGNATURE

RELEVANT DOCUMENTS REQUESTED

STAFF ASSISTANCE REQUESTED

☐ YES ☐ NO

**I have received a copy of this report. My signature does not necessarily mean that I agree with the report.**

PRISONER'S SIGNATURE
Refused to sign, copy given [illegible]

**I understand the proposed disposition stated above and waive the right to a hearing.**

PRISONER'S SIGNATURE

2/26/08

To: ARUS

FROM: Johnathan Robinson # 301903 Lock: B-217

RE: Statement of Defence to Notice of Intent Prepared on 2/6/08 And Reviewed on 2/26/08

DEAR ARUS:

Staff at MBP have failed to submit NOI within Reasonable time limits. The NOI was not Prepared until 2/6/08, More than 15 months After my departure from the Facility, and 28 months from the time the Alleged violation took Place on 10/26/05. At all times the MDOC was aware of my location through the inmate tracking system called CMIS, And I had not Paroled or discharged. So there is no Plausible excuse for suddenly attempting to violate my due Process Rights to a timely hearing. I Request to have this Notice dismissed as the time frame between the violation and Request for hearing clearly violates my due Process Rights to a timely hearing.

Respectfully Johnathan Robinson # 301903

Forward,

Do you actually believe Prison officials at MBP Just Received A Hospital bill for A Prisoner 28 Months After the Alleged Emergency Hospital visit which took Place on 10/26/05. It would not take 2½