UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

JOHNATHAN ROBINSON #301903,

        Plaintiff,                           Case No. 2:08-cv-228

v.                                                  Honorable Robert Holmes Bell

DENISE GERTH,

        Defendant.
_____/

**OPINION**

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

        Plaintiff Johnathan Robinson #301903, an inmate at the Alger Maximum Correctional Facility (LMF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendant Assistant Resident Unit Supervisor Denise Gerth. Plaintiff alleges in his complaint that he received

a Notice of Intent dated February 6, 2008, which asserted that he intentionally injured himself on October 26, 2005, and required emergency medical care. The Notice of Intent stated that pursuant to MDOC Policy Directive 03.04.101, a prisoner who intentionally injures himself and receives emergency medical care for that injury shall be charged the full cost of the care provided. Plaintiff was then charged $5,165.87 for the cost of medical care for self inflicted injuries. Plaintiff claims that because the Notice of Intent was not written until more than two years after the incident, in violation of state rules and procedures, it is not valid. Plaintiff seeks compensatory and punitive damages, as well as equitable relief.

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff alleges that the Notice of Intent requiring him to pay for medical care rendered in 2005 violated state procedural law. However, the step I response to grievance number LMF 08-03-1624-17i, which is attached to Plaintiff's complaint, indicates that the Notice of Intent and Hearing were held in compliance with Administrative Rule 791.3310. In addition, the fact that Defendants may have deviated from state procedural law presents no federal issue. No due process

interest can be derived from a statute or regulation that merely establishes procedural requirements. *Olim v. Wakinekona*, 461 U.S. 238, 250, 103 S.Ct. 1741, 1748 (1983); *Bills v. Henderson*, 631 F.2d 1287, 1297-99 (6th Cir. 1980). In addition, the procedural due process mandated by the Constitution cannot be altered by or defined by, and therefore is not necessarily the same as, the procedures required by state law. *See Vitek v. Jones*, 445 U.S. 480, 490-91, 100 S. Ct. 1254, 1262 (1980). Thus, so long as the plaintiff received that process which was due under the Constitution, the fact that the State may have failed to comply with its own procedure does not state a cause of action under 42 U.S.C. § 1983. *Id.; see also Walker v. Mintzes*, 771 F.2d 920, 933-934 (6th Cir. 1985).

   Furthermore, Plaintiff's complaint, as well as the attached documents, establish that if Plaintiff had a right implicating the due process protections of the Constitution, Plaintiff received due process of law. In all cases where a person stands to be deprived of his life, liberty or property, he is entitled to due process of law. This due process of law gives the person the opportunity to convince an unbiased decision maker that, for example, he has been wrongly or falsely accused or that the evidence against him is false. *Zinermon v. Burch*, 494 U.S. 113, 127-28, 110 S. Ct. 975, 984 (1990). The Due Process Clause does not guarantee that the procedure will produce a correct decision. "It must be remembered that even if a state decision does deprive an individual of life, [liberty], or property, and even if that decision is erroneous, it does not necessarily follow that the decision violated that individual's right to due process." *Martinez v. California*, 444 U.S. 277, 284, n.9, 100 S. Ct. 553, 558, n. 9 (1980). "[T]he deprivation by state action of a constitutionally protected interest in 'life, liberty or property' is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest *without due process of law*." *Zinermon*, 494 U.S. at 125, 110 S. Ct. at 983 (1990) (emphasis in original). Further, an inmate has no right to counsel in disciplinary

proceedings. *Wolff v. McDonnell*, 418 U.S. 539, 569-70, 94 S. Ct. 2963, 2981 (1974); *Franklin v. Aycock*, 795 F.2d 1253, 1263 (6th Cir. 1986). The time delay in Plaintiff receiving the Notice of Intent at issue here does not violate Plaintiff's due process rights.

Having conducted the review now required by the Prison Litigation Reform Act, the Court concludes that Plaintiff's complaint should be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the court dismisses this case, the court discerns no good-faith basis for an appeal. Should the plaintiff appeal this decision, the court will assess the $455 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455 appellate filing fee in one lump sum.

A judgment consistent with this Opinion will issue.


Dated: <u>October 24, 2008</u>　　　　　　　　　　/s/ Robert Holmes Bell
　　　　　　　　　　　　　　　　　　　　　ROBERT HOLMES BELL
　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE